NATHAN RAYMOND, JR. *vs.* ABIJAH RAYMOND.

Where a mortgagee of real estate made a quitclaim deed of his interest in part of the mortgaged premises, and afterwards, with the knowledge of the mortgagor entered on the mortgaged premises for breach of condition and for the purpose of foreclosure, a certificate of which entry, not stating on what part of the premises it was made, was indorsed on the mortgage deed, and duly recorded, and his grantee continued in possession of the part conveyed to him for three years

51 *

after the entry; it was held, that the entry of the mortgagee and the possession of his grantee constituted a perfect foreclosure of the mortgage, as to that part of the premises held by the latter.

FLETCHER, J. This is a suit in equity to redeem an estate in Westminster, being one half of a saw-mill. The facts and principles, upon which the questions presented and argued by counsel must be decided, are quite simple, and may be briefly stated and easily understood.

The premises sought to be redeemed were a part of a large parcel, lying upon both sides of a highway, consisting of a dwelling-house and about an acre of land on the north side of the highway, and an undivided half of a saw-mill, with the whole of a shop standing by the same, and an undivided half of the mill-yard, and the privilege of flowing or using the water as had been done there before, the whole of which premises were conveyed, on the 24th of October, 1838, by Nathan Raymond, senior, to Plympton Barnes, who on the same day made a mortgage of the whole premises to said Raymond, conditioned to pay $400 on the 1st of April then next, and four notes of hand, amounting to $1,030. The premises in question were thus mortgaged, with other land, by Plympton Barnes to Nathan Raymond, senior, who therefore became the first mortgagee of the premises.

On the 30th of August, 1839, Barnes mortgaged all the same estate, which he had already mortgaged to Nathan, to Milton Raymond, to secure the payment of $299.68 on demand. On the 15th of October, 1839, Milton Raymond made entry upon the premises to foreclose; and in pursuance of such entry his mortgage was foreclosed; and Milton Raymond thus became the absolute owner of the equity, subject to the mortgage to Nathan Raymond, senior.

Nathan Raymond, senior, on the 10th of February, 1842, made a deed to the defendant, in consideration of $425, of all his "right, title, claim and demand in and unto one half part, in common and undivided, of a certain saw-mill, situated," &c., "and one undivided half part of land originally laid out for a mill-yard, and of the privilege of flowing and using the water as has heretofore been generally done, reserving a right to the

owner of the shop to use said mill-yard, as is necessary for the use of said shop; the same being a part of the real estate conveyed to me by Plympton Barnes, by deed of mortgage, dated the 24th of October, 1838;" "and it is hereby intended to quitclaim whatever right I have to the above described real estate by virtue of said mortgage deed." The plaintiff seeks to redeem the premises granted in this deed. The plaintiff, by a conveyance from Milton Raymond, has the right and title which Milton had to the premises, that is to say, the right, as owner of the equity, to redeem the estate from the mortgage to Nathan Raymond, senior, under a conveyance from whom the defendant was and is in possession.

As the defendant has but a portion of the mortgaged premises, if they were open to redemption, questions would arise in regard to the redemption of a part of the mortgaged premises.

But the question here is, whether or not the mortgage of Barnes to Nathan Raymond, senior, under whom this defendant claims, has been foreclosed. If this mortgage has been foreclosed, then, of course, there is no right in the plaintiff, or any body else, to redeem the premises in question in this suit, or any other part of the premises conveyed by Barnes to Nathan Raymond, senior. The inquiry then is, has the mortgage of Barnes to Nathan Raymond, senior, been foreclosed? Now, on the 18th of October, 1842, as appears by a certificate of two witnesses, upon the mortgage of Barnes to Nathan Raymond, senior, which certificate was recorded in the registry of deeds on the 26th of October, 1842, the mortgagee, Nathan Raymond, senior, "entered and took peaceable possession of the within named real estate, and declared, in their presence, that he should hold possession for and on account of condition broken, for the purpose of foreclosing the same." There was no evidence, other than this certificate, upon what part of the estate he entered. The certificate of the witnesses was under oath, and the entry thus made for the purpose of foreclosing, was made in the manner and with all the forms required by the statute. A legal entry, for the purpose of foreclosing, having been thus made by the mortgagee, more than

three years before this suit was brought, the mortgage must have been foreclosed by the lapse of time, of course, unless there was something to prevent a foreclosure.

It is maintained, on the part of the plaintiff, that there was no foreclosure, for the reason, as it is said, that Nathan Raymond, senior, had no right to enter on the demanded premises at the time he did enter, because he had made a quitclaim of his right in these premises to Abijah Raymond, this defendant, who was in possession. It does not appear upon what part of the mortgaged premises the mortgagee entered to foreclose. It was not necessary that he should enter on the particular part now in question. A good entry to foreclose the whole mortgage might have been made, and, so far as appears, was made, upon some other portion of the mortgaged premises. But it is not for this plaintiff to raise questions of right between Nathan, senior, and Abijah Raymond. The question is, as to a foreclosure as between Nathan Raymond, senior, the mortgagee, and Barnes, the mortgagor, or rather Milton Raymond, who had acquired the right of the mortgagor. Surely, as between these parties, the deed to Abijah presented no obstacle to a legal and perfect foreclosure by entry.

The quitclaim deed to Abijah embraced but a part of the mortgaged premises; and, whatever right or title Abijah took to this part of the mortgaged premises, was subject to redemption or foreclosure precisely as the rest of the mortgaged premises. Nathan, senior, the mortgagee, retained the mortgage and mortgage notes, and the rest of the premises, and his relation to the mortgagor was in no way changed or affected. Nathan retained his right to enter under his mortgage to foreclose the whole mortgaged premises; and Abijah could have no objection to a foreclosure, as it would be for his interest, by confirming his title. The rights of the mortgagor to redeem were in no way changed or prejudiced, as he might still redeem the whole by payment to Nathan, who still retained the mortgage and the mortgage debt and the mortgaged premises, as at first, except what interest he had given to Abijah in a part. What would have been the rights of Abijah, as between

him and Nathan, senior, if the premises had been redeemed, it is not necessary to consider. Here was then a good, valid and legal entry to foreclose. But it is still maintained, on the part of the plaintiff, that there was no foreclosure, because it is said, the mortgagee did not retain actual possession. After possession was taken by the mortgagee, Abijah held the actual possession under the mortgagee. Here was then an entry and actual possession, and all this, it would seem, with the perfect knowledge of Milton Raymond, who had the right to redeem, and under whom the plaintiff claims, by virtue of a conveyance made after the foreclosure was perfected. The evidence in the case sufficiently shows knowledge on the part of Milton Raymond, who held the right to redeem, as he himself voluntarily gave up the possession of the premises in question to Abijah. It is not necessary to put the decision of the case on the ground that an entry in the presence of witnesses, and a record of their certificates under oath, according to the statute, which would be constructive notice, together with actual knowledge on the part of the mortgagor, which would seem to be sufficiently shown by the evidence in this case, would be a good and valid foreclosure, without retaining actual possession; because here, in fact, the actual possession was retained. Here was then an entry, actual possession and knowledge on the part of the mortgagor, so that it is difficult to conceive how a more perfect foreclosure could be effected, by entry without judgment.

The mortgage having been thus fully foreclosed, the plaintiff comes quite too late with his claim to redeem, and the bill must be dismissed.

*E. Washburn*, for the plaintiff.

*N. Wood*, for the defendant.